1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JOAQUIN MALTOS MENDIETTA,              No. 1:17-cv-01316-AWI-SKO (HC)

12                   Petitioner,

13          v.                               **FINDINGS AND RECOMMENDATION
                                             THAT THE COURT DENY PETITION
14    SCOTT FRAUENHEIM, Warden,              FOR WRIT OF HABEAS CORPUS**

15                   Respondent.             **FINDINGS AND RECOMMENDATION
                                             THAT THE COURT DENY THE MOTION
16                                           FOR SUMMARY JUDGMENT**

17
                                             **(Docs. 1, 16)**
18

19

20          Petitioner, Joaquin Maltos Mendietta, is a state prisoner proceeding *pro se* with a petition

21    for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner presents three grounds for habeas

22    relief: (1) ineffective assistance of trial and appellate counsel;[1] (2) prosecutorial misconduct; and

23    (3) cumulative error. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C.

24    § 636(b)(1) and Local Rules 302 and 304. Having reviewed the record and applicable law, the

25    undersigned recommends that the Court deny habeas relief.

26

27    _____

28    [1] Petitioner broke his ineffective assistance of counsel claim into four separate claims. The Court has combined them
      for clarity, but will address all four claims individually.

                                                      1

Additionally, before the Court is Petitioner's motion for summary judgment, (Doc. 16), which the Court recommends denying.

## I.  <u>Procedural and Factual Background[2]</u>

Tamar Pizarro ("Pizaro") lived next door to Petitioner and Maria Rios ("Rios").  On October 22, 2012, Pizaro went to Petitioner's house to borrow a cell phone.  As Pizarro approached the door, she heard Petitioner say, "You're cheating on me."  When Pizarro knocked on the door, Petitioner opened it and Rios ran out.  Rios's head was bleeding and she was "hysterical," stating Petitioner had hit her on the head.  Rios went to a neighbor's house and Pizaro returned home.

Rios ran to the home of Shelly Hayworth ("Hayworth"), who called 911, a recording of which was played for the jury at trial.  In the call, the neighbor relayed that Rios stated her husband had hit her on the head with a cooking pot and she was bleeding.  Rios expressed concern for her two young children, who were still in the home, as it was not known whether Petitioner was still there.

When Police Officer Loren Kasten ("Kasten") responded to the scene, he contacted Hayworth and Rios.  Rios had blood on her hands and around her neck.  She was "very scared," crying, and shaking, and said she had been hit in the head with a cooking pot.  Rios was concerned about her children who were still in the home.  Kasten and Rios walked back to Rios's house and found her two-year-old and seven-month-old children sitting on the living room floor, with no one else in the house.

Kasten observed pieces of a broken broom handle with blood on it, blood splatter on the bathroom wall, a t-shirt with blood on it, a pool of blood in the kitchen, and a dented metal pot. Kasten collected information about Petitioner from Rios and then took her to the hospital.

---

[2] The factual background, taken from the opinion of the California Court of Appeal, Fifth Appellate District, *People v. Mendietta*, (No. F068092) (Cal. Ct. App. Aug. 27, 2015), is presumed to be correct.  28 U.S.C. § 2254(e)(1).

A follow-up investigation was conducted on November 16, 2012, by Detective Bryan Craft ("Craft") after Petitioner was taken into custody. When Craft spoke to Petitioner, Petitioner "spontaneously" stated there had been an argument with Rios over another man who had come to the house, that he saw blood, panicked and ran.

Petitioner told Craft he had been with Rios for six years and they had two children together. Suspecting Petitioner was using narcotics, Craft questioned Petitioner on any recent drug use. Petitioner admitted he had used marijuana the previous night and, after first denying recent methamphetamine use, said he had used methamphetamine six days earlier.

Petitioner waived his *Miranda*[3] rights and said he had caused Rios's injuries. Petitioner told Craft that he had grabbed Rios to question her about another man when she was in a fetal position between the refrigerator and the wall. When he saw blood all over his own hands, he told Rios to get up and clean herself up. When he went to answer a knock at the door, Rios ran passed him and began yelling for someone to call the police. Petitioner grabbed his shoes and fled the scene.

When Craft asked how Rios was injured, Petitioner maintained that he had not hit her on the head, only on the arm with the broom handle. According to Petitioner, Rios then fell between the wall and the refrigerator, although Petitioner said he may have thrown her down. Petitioner admitted swinging a cooking pot, claiming it hit Rios in the arm and hit the wall and refrigerator, but not Rios's head. Petitioner began to cry and said he had been upset because a man had come to the door asking for Rios.

When Craft asked if Petitioner could have hit Rios on the top of the head as he was hitting her arm, Petitioner said that, if he did, he did not mean to hurt her. Petitioner said he "just went

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

off" and "was enraged." Petitioner fled because he did not want to be caught by the police when he was "all bloody."

The parties stipulated that two telephone calls were made to Rios by Petitioner from jail. Slightly redacted recordings of the calls were played for the jury. In both calls, the operator informed Petitioner and Rios that they were being recorded.

A jury convicted Petitioner of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)); corporal injury to a child's parent (Cal. Penal Code § 273.5(a)); and two counts of cruelty to a child by endangering health (Cal. Penal Code § 273a(b)). Allegations of great bodily injury, (Cal. Penal Code § 12022.7(e)), and personal use of a deadly weapon were found true (Cal. Penal Code § 12022(b)(1)). In a bifurcated proceeding, the trial court found true allegations that Petitioner had suffered two prior serious felony convictions, (Cal. Penal Code § 667(a)(1)), and two prior strike convictions (Cal. Penal Code §§ 667(b)-(i); 1170.12(a)-(d)). Petitioner was sentenced to 24 years.

On August 27, 2015, the California Court of Appeal for the Fifth Appellate District ("Court of Appeal") affirmed Petitioner's conviction. On November 24, 2015, the California Supreme Court denied review.

Petitioner filed his petition for writ of habeas corpus with this Court on October 2, 2017. Respondent filed an answer on February 28, 2018. On March 22, 2018, Petitioner filed a motion for summary judgment.

## II.    Standard of Review

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320,

322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because it was filed April 24, 1996.

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can obtain habeas corpus relief only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. In doing so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state

court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

## III. The State Court Did Not Err in Rejecting Petitioner's Ineffective Assistance of Counsel Claim

In his first ground for habeas relief, Petitioner presents several ineffective assistance of trial and appellate counsel claims. The Court will address each in turn.

### A. Standard of Review

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires

6

Petitioner to establish two elements: (1) his attorneys' representation was deficient and (2) prejudice to Petitioner. Both elements are mixed questions of law and fact. *Id.* at 698.

These elements need not be considered in order. *Id.* at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's performance was deficient. *Id.*

### B. Ineffective Assistance of Appellate Counsel

Petitioner alleges appellate counsel was ineffective because: (1) he failed to argue prosecutorial misconduct; (2) trial counsel should have objected to the prosecutor's misstatements; (3) trial counsel did not present a defense; and (4) trial counsel should have presented a defense based on post-traumatic stress disorder ("PTSD"). (Doc. 1 at 6.) Respondent counters that Petitioner is not entitled to relief because a fair-minded jurist could agree with the state court's rejection of Petitioner's claims. (Doc. 14 at 10.)

#### 1. State Court of Appeal Opinion

The Fresno County Superior Court addressed several of Petitioner's ineffective assistance of appellate counsel claims on habeas review. The Superior Court addressed Petitioner's first, third, and fourth claims, specifically, that appellate counsel failed to argue: (1) prosecutorial misconduct; (3) that trial counsel did not present a defense; and (4) that counsel should have presented a defense based PTSD. The Superior Court rejected Petitioner's ineffective assistance of appellate counsel claims:

> Petitioner maintains that he received ineffective assistance of counsel on appeal when his appellate attorney failed to raise his [prosecutorial misconduct claims] on appeal. [ ] Petitioner argues that he received ineffective assistance of counsel on appeal when his appellate attorney failed to argue that he had received ineffective assistance of counsel when his trial attorney did not present an unconsciousness defense at trial. In support of this argument, Petitioner argues that the fact that his attorney was aware that he had been diagnosed with Post-Traumatic Stress Disorder and engaged in prior drug use demonstrates that his attorney's failure to present

7

such a defense was objectively unreasonable.  [ ] Petitioner contends that he received ineffective assistance of counsel on appeal when his appellate attorney failed to argue that he had been denied a fair trial.  [ ] Petitioner maintains that he received ineffective assistance of counsel on appeal when his attorney failed to argue that his judgment should be reversed due to cumulative error.

Initially, the Court notes that a petition for writ of habeas corpus must: (1) state fully and with particularity the facts on which relief is sought, and (2) include copies of reasonably available documentary evidence supporting the claims presented in the petition.  (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)  To the extent that Petitioner is arguing that he received ineffective assistance of counsel on appeal as the result of his appellate attorney's failure to argue [prosecutorial misconduct, specifically] that the prosecution had incorrectly informed the jury that it could ignore the lesser included offenses and that it could not find Petitioner guilty of battery because the victim had been hurt, the Court finds that Petitioner has failed to include the trial transcripts that he presumably possesses in which the prosecution purportedly made these assertions.

Moreover, in order to demonstrate ineffective assistance of counsel, Petitioner must allege facts showing that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) that his defense suffered prejudice as a result.  (*Strickland v. Washington* (1984) 466 U.S. 668, 690-92.)  In order to establish ineffective assistance of counsel on appeal, a Petitioner must demonstrate a reasonable probability that the result of his or her appeal would have been more favorable but for his or her appellate attorney's deficient representation.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  (*People v. Harris* (1993) 19 Cal.App.4th 709, 714-715.)

In its opinion affirming his judgment, the Fifth District Court of Appeal outlined the substantial evidence that supported Petitioner's convictions and sentences.

> [Petitioner] [ . . . ] waived his rights and said he had caused Rios' injuries. [Petitioner] told Craft that he grabbed Rios to question her about another man when she was in a fetal position between the refrigerator and the wall. When he saw blood all over his own hands, he told Rios to get up and clean herself up.  When he went to answer a knock at the door, Rios ran pas[t] him and began yelling for someone to call the police. [Petitioner] grabbed his shoes and fled the scene.  When Craft asked how Rios was injured, [Petitioner] maintained that he had not hit her on the head, only on the arm with the broom handle.  According to [Petitioner], she then fell between the wall and the refrigerator, although [Petitioner] said he may have thrown her down. [Petitioner] admitted swinging a cooking pot, claiming it hit Rios in the arm and hit the wall and refrigerator, but not Rios's head. [Petitioner] then began to cry and said he had been upset because a man had come to the door asking for Rios.

When Craft asked if [Petitioner] could have hit Rios on the top of the head as he was hitting her arm, [Petitioner] said that, if he did, he did not mean to hurt her. [Petitioner] said he "just went off" and "was enraged." [Petitioner] fled because he did not want to be caught by the police when he was "all bloody."

(*People v. Mendietta* (Aug. 27, 2015, F068092) [nonpub. opn.] at pgs. 3-4.)

Here, the Court notes that the fact that Petitioner had been diagnosed with Post-Traumatic Stress Disorder and engaged in prior drug use does not establish a reasonable probability that an unconsciousness defense would have been successful at trial. In fact, Petitioner has failed to demonstrate a reasonable probability that the result of his appeal would have been more favorable were it not for any of his appellate attorney's actions or inactions. As Petitioner has failed to demonstrate that he was prejudiced by his appellate attorney's deficient performance, the Court finds that he has failed to establish that he received ineffective assistance of counsel on appeal. (*In re Robbins* (1998) 18 Cal.4th 770, 810-811; see also *In re Cox* (2003) 30 Cal.4th 974, 1019-20 [stating that a court may dispose of an ineffective assistance of counsel claim if the petitioner has not demonstrated sufficient prejudice without deciding if counsel's performance was deficient].) Consequently, the Court finds that Petitioner has failed to state a prima facie case for relief . . . .

(Lodged Doc. 18 at 2-5.)

### 2. Denial of Petitioner's Ineffective Assistance of Appellate Counsel Claim Was Not Objectively Unreasonable

#### a. Failure to Argue Prosecutorial Misconduct

Petitioner first claims his appellate counsel was ineffective when counsel failed to raise a claim that the prosecutor misstated the law during closing argument when the prosecutor told the jury (1) that lesser offenses subsumed greater offenses; and (2) they could not find Petitioner guilty of a lesser offense because the victim had been hurt. (Doc. 1 at 26-28.)

During closing argument, the prosecutor told the jury, "You can simply ignore [the lesser included crimes] on the verdict forms. Why? Because those lesser, they encompass the greater, and some of them simply deal with someone not getting hurt." (Lodged Doc. 7 at 629.) Stating a lesser included offense encompasses a greater offense is a misstatement of law; however, Petitioner's trial counsel did not object to the misstatement.

Under California law, because trial counsel did not object to the prosecutor's statements at the time, Petitioner forfeited his claim for prosecutorial misconduct. *People v. Clark*, 52 Cal.4th 856, 960 (2011). To preserve a claim of prosecutorial misconduct, "a criminal defendant must make a timely and specific objection and ask the trial court to admonish the jury to disregard the impropriety." *Id.* (internal citation and quotation marks omitted). Consequently, if appellate counsel had raised a prosecutorial misconduct claim before the California Court of Appeal, it would have been rejected because trial counsel did not object to the statements.

A defendant's right to appellate representation does not include a right to present frivolous arguments to the court. *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 436 (1988). An attorney is "under an ethical obligation to refuse to prosecute a frivolous appeal." *Id.* Further, no U.S. Supreme Court decision holds a "defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Appellate counsel cannot be found ineffective for failing to raise an argument that would not have been successful. *Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir. 1992). Petitioner's argument would not have been successful, because trial counsel did not object to the prosecutor's statement and the prosecutorial misconduct claim was forfeited. Consequently, appellate counsel was not ineffective for failing to raise the claim.

**b. <u>Failure to Argue Ineffective Assistance of Trial Counsel for Failure to Object to Prosecutorial Misconduct</u>**

Petitioner also alleges appellate counsel was ineffective for failing to argue trial counsel was ineffective when trial counsel did not object to the misstatements by the prosecutor. However, Petitioner fails to establish he was prejudiced by trial or appellate counsel's decisions. While the prosecutor incorrectly stated the law as to lesser included offenses, the jury was given jury instructions that correctly defined the charges and lesser included charges. "A habeas court must

10

presume that jurors follow the jury instructions." *Doe v. Busby*, 661 F.3d 1001, 1017-18 (2011) (internal citations omitted).

Therefore, even if it was unreasonable for trial counsel not to object to the prosecutor's misstatements, because the jury was correctly instructed, and the Court presumes the jury followed the instructions, Petitioner cannot show he was prejudiced by the failure to object. Since Petitioner was not prejudiced by trial counsel's failure to object, he cannot establish that he was prejudiced by appellate counsel's failure to raise this argument.

Petitioner cites the record incorrectly in alleging the prosecutor told the jury that they could not find Petitioner guilty of the lesser crime of battery, rather than corporal injury, because the victim had been hurt. The prosecutor actually stated the victim's injuries supported the greater charges. Specifically, the prosecutor stated domestic battery applies "if someone did not get hurt at all, then you can find that. But in this case, we know by the pictures, the medical evidence, and even by [Petitioner]'s statement, that [Rios] was hurt. And she was hurt substantially, brutally, and with great bodily harm." (Lodged Doc. 7 at 629.) The prosecutor did not misstate the law; therefore, trial counsel did not err in failing to object to the prosecutor's statements, and appellate counsel did not err in failing to raise a claim for ineffective assistance of counsel.

### c. Failure to Argue Trial Counsel Presented No Defense and Failure to Raise PTSD Defense

Petitioner claims appellate counsel should have raised an ineffective assistance of counsel claim based on trial counsel's failure to present a defense, and specifically, failure to present a PTSD defense. Petitioner alleges trial counsel should have presented an "unconsciousness defense," pursuant to California Penal Code § 26. (Doc. 1 at 28.) Pursuant to section 26, "All persons are capable of committing crimes except those belonging to the following classes: . . . Four – Persons who committed the act charged without being conscious thereof." Petitioner asserts an unconsciousness defense was appropriate in this case because he had previously been diagnosed

11

with PTSD and other mental health issues.  (Doc. 1 at 28.)

In contending an unconsciousness defense was appropriate, Petitioner points to defense counsel's *Romero* motion[4] argument:

> On/or around 1994, [Petitioner] was involved in a tragic domestic violence incident. His mother was suffering from domestic abuse from his ([Petitioner's]) father. [Petitioner] intervened to save his mother, and unfortunately he had to shoot and kill his father in self-defense.  He's suffered from Post Traumatic Stress Disorder (PTSD) and has not adequately addresses this condition with any substantial counseling.
>
> Also, [Petitioner] has a long history of substance abuse.  He began using marijuana at the young age of thirteen.  He even began consuming alcohol at the young age of ten.  He also experimented with LSD at nineteen.  He also used cocaine for a substantial amount of time.  He also even used methamphetamine for a substantial amount of time.

(Lodged Doc. 2 at 357-58.)

While Petitioner presented evidence that he suffered from PTSD, he did not present evidence that he was unconscious during the assault on Rios.  When speaking to Craft, Petitioner admitted that he had argued with Rios over "another man who had come to the house, that he saw blood, panicked and ran."  *People v. Mendietta*, (No. F068092) (Cal. Ct. App. Aug. 27, 2015), at 3.  After waiving his *Miranda* rights, Petitioner admitted to causing Rios's injuries, stating he grabbed Rios to question her about another man.  *Id*.  Petitioner also stated he hit Rios on the arm with a broom handle and a cooking pot.  *Id*.  Petitioner said he "just went off" and "was enraged." *Id*.  When he saw that he was covered in blood, he decided to pick up his shoes and flee the house.

In sum, nothing in the evidence is consistent with an unconsciousness defense.  During his interview with Craft, Petitioner did not allege that he was unconscious during the assault on Rios, but instead admitted he committed the assault because he was angry with Rios.  Petitioner has not

---

[4] In a *Romero* motion, a criminal defendant seeks to have a prior strike dismissed or stricken so that it cannot be considered for purposes of imposing a sentence under California's Three Strikes law.  *People v. Superior Court (Romero)*, 13 Cal.4th 497 (1996).

shown it was unreasonable for trial counsel not to present an unconsciousness defense, nor was it unreasonable for appellate counsel to fail to argue trial counsel was ineffective for not presenting the defense.

Even if appellate counsel was ineffective for failing to present this argument, Petitioner cannot show prejudice. The jury found Petitioner guilty of corporal injury to a child's parent, which required a finding that Petitioner "willfully inflict[ed] corporal injury resulting in a traumatic condition." California Penal Code § 273.5(a). CALCRIM No. 840 states "[s]omeone commits an act *willfully* when he or she does it willingly or on purpose." (Emphasis in original). Thus, the jury necessarily found Petitioner was conscious when he committed corporal injury. Given the jury's finding of willfully inflicting an injury, combined with the strong evidence of consciousness, the assertion of an unconsciousness defense would likely not have yielded a more favorable result. *Strickland*, 466 U.S. at 694. Therefore, appellate counsel was not ineffective for failing to present a claim of ineffective assistance of counsel based on an unconsciousness defense.

For the foregoing reasons, the Court recommends denying Petitioner's ineffective appellate counsel claims.

### C. <u>Ineffective Assistance of Trial Counsel</u>

Petitioner contends his trial counsel was ineffective for failing to: (1) present a defense; (2) present evidence of PTSD; (3) object to prosecutorial misconduct; (4) object to the admission of his jail phone calls; and (5) object to testimony about Petitioner's drug use. Petitioner additionally alleges his trial counsel: (1) failed to effectively argue his prior domestic violence and threats to Rios were inadmissible; (2) erroneously filed a premature request for acquittal pursuant to California Penal Code § 1118; (3) wrongly filed a motion to strike a prior conviction that was not charged; and (4) performed deficiently by filing a motion to strike a prior serious felony allegation. (Doc. 1 at 8, 9, 13, 34-37.) Respondent counters that Petitioner is not entitled to relief because a

fair-minded jurist could agree with the state court's rejection of Petitioner's claims. (Doc. 14 at 15.)

The Court addressed Petitioner's first three ineffective assistance of trial counsel claims in conjunction with addressing his ineffective assistance of appellate counsel claims. Because the Court found no prejudice from counsel's decisions during trial, the Court will not readdress the claims.

Petitioner makes six additional ineffective assistance of trial counsel claims that the Court will address. Specifically, Petitioner alleges trial counsel: (1) failed to adequately object to the admission of his jail telephone calls; (2) failed to object to testimony about his drug usage; (3) failed to effectively argue his prior domestic violence and threats to Rios were inadmissible; (4) erroneously filed a premature request for acquittal pursuant to California Penal Code § 1118; (5) wrongly filed a motion to strike a prior conviction that was not charged; and (6) performed deficiently by filing a motion to strike a prior serious felony allegation. (Doc. 1 at 8, 9, 34-37.)

### 1. **Failure to Adequately Object**

Petitioner alleges evidence of his jail phone calls was improperly admitted and trial counsel was ineffective for failing to adequately object to their admission. (Doc. 1 at 12.) The California Court of Appeal determined, based on state law, that the phone calls were properly admitted and rejected Petitioner's claims on that basis.

### a. **State Court of Appeal Opinion**

The California Court of Appeal rejected Petitioner's claim that the trial counsel was ineffective for failing to adequately object to the admission of jail phone calls:

> [Petitioner] contends that the trial court prejudicially erred when it admitted certain statements into evidence from the two recorded jail telephone calls. We find no prejudicial error. Because we address [Petitioner]'s argument on the merits, we need not address his alternate claim that trial counsel was ineffective for failing to adequately object to admission or redaction of the statements.

Prior to trial, the prosecutor sought to introduce the two jail telephone calls between [Petitioner] and Rios into evidence.[fn.1] Both telephone calls were rambling and often unintelligible. In the first call, [Petitioner] reminds Rios to get money from his mother she owes him, and the two then argue about why their oldest child, who was removed from Rios's home, was not currently living with Rios. [Petitioner] states Rios does not care what he is going through, a statement Rios refutes. The two then argue about whether Rios is going to come to court to testify. In the second call, [Petitioner] again focuses on the fact that his own mother owes him money and does not care about him, that Rios does not care about him, and that he misses his children. He tells Rios she can be "with somebody else" and she can testify against him, if that is what she wants. He said he would not be calling her again.

fn.1    In the reporter's transcript, the first call is referred to as 3-A and the second as 2-A.

The trial court reviewed the recordings at length, in the presence of both counsel, and solicited counsels' comments on the probative import and potential prejudicial effect of the objected to statements. The prosecutor argued for admission of the statements, stating they were "in essence, adopted admissions throughout." Trial counsel argued specific statements made during the calls were irrelevant, misleading, and more prejudicial than probative under Evidence Code[fn.2] section 352. At the end of this process, the trial court stated it would review the transcripts before ruling. The following day, the trial court found the majority of the objected to statements admissible, stating they were not confusing or misleading, and that they were more probative than prejudicial under section 352. The trial court redacted one statement.[fn.3] The trial court reserved ruling on two of the statements pending an upcoming section 402 hearing. Following that hearing, the trial court found the remaining statements admissible.

fn.2    All further statutory references are to the Evidence Code unless stated otherwise.

fn.3    [Petitioner]'s statement "I'm looking at 25 fucking years here" was redacted because it broached the subject of punishment and could be misleading to the jury.

[Petitioner] now contends the trial court erred when it admitted into evidence, or in the alternative, failed to redact the following statements made during the two telephone calls: (1) "I'm not calling no more. I'm not going to see you no more. Forget it. I'm just going to take a fucking deal right here." (2) "You just said something you couldn't say, okay and we're already being recorded. I'm going to get in trouble for this phone call already. I can't call you no more." Rios responded by saying she will "get the money back today," to which [Petitioner] states, "We'll I guess so. I was leaving you messages, that's all I was doing. Okay now this conversation has fucked me over. Is that your intention or what?" (3) "You go to court, I'm taking a deal." (4) "I'm going to the hole, I'm going to the hole. Right, next person that fucks with I'm fucking them off." (5) "You fucked me on in the last phone call." (6) "And don't tell me shit about Bryan Craft. And don't tell me shit about Bryan Craft cause he's just trying to fuck me anyways. I'm already fucked on that last phone call. I hope you understand it. I'm not just saying that, you understand that?"[fn.4]

fn.4    In an earlier statement, Rios tells [Petitioner] he was in jail because he talked to Bryan Craft (the detective) and, had he not, he "would've been out free."

15

[Petitioner] contends these statements were improperly admitted because the statements did not fall within the hearsay exception as adoptive admissions or admissions, they were irrelevant, and more prejudicial than probative. Respondent agrees that the statements were not adoptive admissions, as the prosecutor argued below, but were instead "relevant admissions," were more probative than prejudicial and properly admitted. We agree with respondent.

The trial court is vested with broad discretion in determining the admissibility of evidence. (*People v. Karis* (1988) 46 Cal.3d 612, 637 (*Karis*).) This is particularly true where, as here, underlying that determination are questions of exceptions to the hearsay rule, relevancy, and undue prejudice. (*People v. Rowland* (1992) 4 Cal.4th 238, 264.) The lower court's determination will be reversed only upon a finding of abuse of that discretion. (*People v. Edwards* (1991) 54 Cal.3d 787, 820; *Karis*, *supra*, at p. 637.)

We first consider whether the statements fall within an exception to the hearsay rule. "'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (§ 1200, subd. (a).) "Except as provided by law, hearsay evidence is inadmissible." (§ 1200, subd. (b).) When offering the telephone calls into evidence, the prosecutor argued that the statements by [Petitioner] were admissible as adoptive admissions exceptions to the hearsay rule. Section 1221 defines an adoptive admission as "[e]vidence of a statement offered against a party" which is not made inadmissible by the hearsay rule "if the statement is one of which the party, with knowledge of the content thereof, has by words or other conduct manifested his adoption or his belief in its truth." (§ 1221.) "'[A] typical example of an adoptive admission is the accusatory statement to a criminal defendant made by a person other than a police officer, and defendant's conduct of silence, or his words or equivocal and evasive replies in response. With knowledge of the accusation, the defendant's conduct of silence or his words in the nature of evasive or equivocal replies lead reasonably to the inference that he believes the accusatory statement to be true.' [ ]" (*People v. Silva* (1988) 45 Cal.3d 604, 623-624.) We agree with both [Petitioner] and respondent's stance on appeal that the statements in question do not fall within the adoptive admission exception to the hearsay rule.

However, while the statements were not adoptive admissions, they were instead admissions under section 1220, which creates an exception to the hearsay rule for the admission of a party. "The exception to the hearsay rule for statements of a party is sometimes referred to as the exception for *admissions* of a party. However, . . . section 1220 covers all *statements* of a party, whether or not they might otherwise be characterized as admissions. [ ]" (*People v. Horning* (2004) 34 Cal.4th 871, 898, fn.5.) Section 1220 simply states that "[e]vidence of a statement is not made inadmissible by the hearsay rule when offered against the declarant in an action to which he is a party in either his individual or representative capacity, regardless of whether the statement was made in his individual or representative capacity." (§ 1220.) Thus, in a criminal case, if the evidence is of statements, the defendant was the declarant, the statements are offered against him, and he is a party to the action, the hearsay rule does not make the statements inadmissible. (*People v. Carpenter* (1999) 21 Cal.4th 1016, 1049.)

We review the trial court's ruling allowing [Petitioner]'s statements, not its reasoning. Therefore, the trial court's "'ruling must be upheld if the [testimony] was admissible under any hearsay exception.'" (*People v. Smith* (2005) 135 Cal.App.4th 914, 923, overruled on other grounds in *People v. Garcia* (2008) 168 Cal.App.4th 261, 291.) Thus, while the statements clearly fall within the admission

exception to the hearsay rule, for such a statement to be admissible against a party as an admission, the statements must be relevant and assert facts which would have a tendency in reason either (1) to prove some portion of the proponent's cause of action, or (2) to rebut some portion of the party declarant's defense. (*People v. Allen* (1976) 65 Cal.App.3d 426, 433.) Here the statements were relevant – that is, "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (§ 210.) [Petitioner]'s repeated verbal intimidation of Rios in the statements was consistent with his physical assault of her, as was his lack of concern for her well-being. Collectively his statements exhibited his consciousness of guilt.

Having found the statements relevant, we finally address whether the trial court abused its broad discretion in concluding the probative value of the statements was not clearly outweighed by undue prejudicial effect. [Petitioner] argues the admission of his statements was prejudicial because it portrayed him as "foul-mouthed, angry, overly dramatic, self-pitying, disrespectful to his mother, self-absorbed, ready to do violence in jail, and as lazy and unemployed, all of which amounted to unauthorized character assassination . . . ."[fn.5] We disagree.

fn.5  [Petitioner] also argues this evidence constituted "unauthorized character assassination in violation of Evidence Code section 1101," which precludes admission of character traits to prove conduct on a specific occasion unless it comes within certain exceptions. (§ 1101, subds. (a) & (b).) However, because [Petitioner] made no objection below on this ground he has forfeited this issue on appeal. (*People v. Doolin* (2009) 45 Cal.4th 390, 437.) Even were we to address the issue on the merits, we would find no error. The statements were not admitted to show character traits to prove conduct on a specific occasion, but rather reflected [Petitioner]'s awareness of his guilt. (*People v. Burns* (1987) 196 Cal.App.3d 1440, 1455.)

Section 352 provides that "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." The standard of review for a trial court ruling under section 352 is deferential abuse of discretion. (*People v. Kipp* (2001) 26 Cal.4th 1100, 1121.) As our Supreme Court explained in *Karis*, "undue prejudice" within the meaning of section 352 refers not to evidence that proves guilt, but to evidence that prompts an emotional reaction against the defendant and tends to cause the trier of fact to decide the case on an improper basis. (*Karis*, *supra*, 46 Cal.3d at p. 638.) "Evidence is not prejudicial, as that term is used in a section 352 context, merely because it undermines the opponent's position or shores up that of the proponent. The ability to do so is what makes evidence relevant. . . . [E]vidence should be excluded as unduly prejudicial when it is of such nature as to inflame the emotions of the jury, motivating them to use the information, not to logically evaluate the point upon which it is relevant, but to reward or punish one side because of the jurors' emotional reaction." (*People v. Doolin*, *supra*, 45 Cal.4th at pp. 438-439.)

Setting aside [Petitioner]'s telephone statements, which he claims show him in a bad light, there was evidence before the jury that [Petitioner] admitted to Detective Craft he grabbed Rios[s'] hair and saw blood, he admitted striking her on the arm with the broom handle, causing her to fall between the wall and the refrigerator, and admitted he may have thrown her down. He admitted swinging a pot at Rios, hitting her on the arm. He acknowledged that it was possible that he had hit her on the head but, that if he did, he did not mean to do so. And he admitted fleeing the

scene because he did not want the police to catch him "all bloody." There was also physical evidence of Rios's injuries before the jury in the form of Detective Craft's testimony, the testimony of [Petitioner]'s neighbors, the state of the Rios home right after the incident, and photographs of Rios's injuries. Given the abundant evidence of [Petitioner]'s actions against Rios that was properly admitted in this case, the trial court, which carefully considered the issue, could reasonably conclude [Petitioner]'s telephone statements would not unduly inflame the emotions of the jury. We do not find that the trial court abused its discretion under section 352 in admitting the evidence.

Even assuming arguendo the evidence was erroneously admitted, we conclude any error was harmless. Review of a trial court's exercise of discretion under Evidence Code section 352 is based on the harmless error test set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836. (See *People v. Alcala* (1992) 4 Cal.4th 742, 790-791.) The trial court's judgment may be overturned only if "it is reasonably probable that a result more favorable to the [defendant] would have been reached in the absence of error." (*Watson, supra,* at p. 836.)

Here, [Petitioner] fails to meet his burden of showing reasonable probability he would have obtained a more favorable result in this matter absent the assumed evidentiary errors. We previously set forth the compelling evidence of [Petitioner]'s guilt and we are satisfied beyond a reasonable doubt that even without the disputed statements the jury would have reached the same result.

(Lodged Doc. 14 at 4-10.)

### b. **Failure to Adequately Object**

To the extent Petitioner's claim is predicated on state law, it is not cognizable on federal habeas review. Issues regarding the admission of evidence are matters of state law, generally outside the purview of a federal habeas court. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). "The admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." *Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995). "[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules." *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6 (1983).

"Although the [U.S. Supreme] Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, see *Williams*, 529 U.S. at 375 . . ., it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley*, 568 F.3d at

18

1101.  Therefore, the Court of Appeal could not have contravened federal law through the admission of the gang evidence when federal law is not clearly established.  *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) ([T]his Court has held on numerous occasions that it is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court.").

To the extent Petitioner is making a federal claim based on ineffective assistance of counsel, the Court recommends denying the claim.  Trial counsel objected to the phone calls being admitted at trial and those objections were denied by the trial court.  Even if counsel had not objected to the admission of this evidence, Petitioner could not show ineffective assistance of counsel, because the failure to object to admissible evidence does not constitute ineffective assistance of counsel, as it is neither outside the range of professionally competent assistance, nor prejudicial.  *United States v. Bosch*, 914 F.2d 1239, 1247 (9th Cir. 1990) (citing *United States v. Vaccaro*, 816 F.2d 443, 455 (9th Cir. 1987) (failure to challenge search of defendant's house was not ineffective assistance of counsel where defendant failed to show that the evidence gained thereby would have been suppressed, or that there was a reasonable probability that he would have been acquitted had this evidence been excluded)).

### 2.  Drug Use Testimony

Petitioner asserts his rights to due process, a fair trial, and effective assistance of counsel were violated when the trial court allowed Craft to testify regarding Petitioner's drug use.  (Doc. 1 at 13.)  Respondent counters that the statements were properly admitted as they were relevant to Petitioner's credibility and were related to the charges.

### a.  State Court of Appeal Opinion

The California Court of Appeal denied Petitioner's claim that evidence of his drug use was improperly admitted at trial:

[Petitioner] next contends he received ineffective assistance when counsel failed to object to admission of Detective Craft's testimony concerning [Petitioner]'s drug use. [Petitioner] specifically argues the drug use was unrelated to the case and improper character evidence under section 1101. We find no prejudicial error.

Detective Craft testified at trial that he spoke with [Petitioner] on November 16, 2012, approximately three weeks after the incident, while [Petitioner] was in custody. Wanting to build a rapport with [Petitioner], Detective Craft sidestepped the crime and asked [Petitioner] a few questions about his relationship with Rios. In response, [Petitioner] stated he had been with Rios for six years and that they had two children together. Thinking [Petitioner] was "possibly using narcotics," Detective Craft asked [Petitioner] if he had recently used any drugs. [Petitioner] said he had smoked some marijuana the night before. When asked about methamphetamine use, [Petitioner] first said he had not used methamphetamine during the month of November, but then stated he had used it six days earlier. Trial counsel made no objection to questions about [Petitioner]'s drug use.

[Petitioner] bears the burden of demonstrating the inadequacy of trial counsel. (*People v. Vines* (2011) 51 Cal.4th 830, 875.) In order to sustain his claim of ineffective assistance of counsel, [Petitioner] must show (1) that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) that counsel's act or omissions resulted in prejudice. (*People v. Lucas* (1995) 12 Cal.4th 415, 436-437.) A court deciding an ineffective assistance claim does not need to address the elements in order, or even to address both elements if the defendant makes an insufficient showing on one. (*Strickland v. Washington* (1984) 466 U.S. 668, 697.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Ibid.*) To show ineffective assistance of counsel, appellant must show that he "suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. [ ]" (*People v. Gray* (2003) 37 Cal.4th 168, 207.)

[Petitioner] attacks his trial counsel's failure to object to Detective Craft's testimony concerning [Petitioner]'s self-acknowledged drug usage. While we note that "[f]ailure to object rarely constitutes constitutionally ineffective legal representation" (*People v. Boyette* (2002) 29 Cal.4th 381, 424), we dispose of [Petitioner]'s argument "on the ground of lack of sufficient prejudice." (*Strickland*, *supra*, 466 U.S. at p. 697.) The very brief testimony on the subject of [Petitioner]'s drug use, which took place after the incident in question, was insignificant when compared to the ample evidence of [Petitioner]'s guilt, including [Petitioner]'s own admission to Detective Craft and the ample testimonial and physical evidence. There is no reasonable probability that, had trial counsel acted to exclude these few statements, a different outcome would have resulted.
We reject [Petitioner]'s ineffective assistance of counsel claim.
Lodged Doc. 14 at 10-12

**b. Drug Use Testimony**

Petitioner's claim is based on the trial court's decision to allow testimony about his drug use. As the Court previously noted, "[t]he admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." *Johnson*

63 F.3d at 930.  Because the admission of evidence of Petitioner's drug usage does not provide a basis for habeas relief, Petitioner's claim that the decision violated his Due Process Rights must fail.

Even if trial counsel should have objected to the testimony, Petitioner's federal claim for ineffective assistance of counsel fails, because Petitioner cannot show prejudice.  The trial court determined the testimony was admissible and trial counsel's failure to object to admissible evidence does not constitute ineffective assistance of counsel.  *Bosch*, 914 F.2d at 1247.

### 3. <u>Trial Counsel's Mistakes</u>

Finally, Petitioner alleges trial counsel made the following mistakes: (1) he failed to effectively argue his prior domestic violence and threats to Rios were inadmissible; (2) he erroneously filed a premature request for acquittal pursuant to California Penal Code § 1118; (3) he wrongly filed a motion to strike a prior conviction that was not charged; and (4) he performed deficiently by filing a motion to strike a prior serious felony allegation.  (Doc. 1 at 8, 9, 13, 34-37.)

### a. <u>State Court of Appeal Opinion</u>

The Fresno County Superior Court rejected Petitioner's ineffective assistance of counsel claims based on trial counsel's mistakes when reviewing his petition for writ of habeas corpus:

> [ ] Petitioner contends that he received ineffective assistance of counsel at trial when his attorney did not present an unconsciousness defense at trial.  [ ] Petitioner argues that he received ineffective assistance of counsel at trial when his attorney failed to effectively argue that his prior domestic violence and threats towards the victim were not admissible.  [ ] Petitioner maintains that he received ineffective assistance of counsel when his trial attorney filed a premature judgment for acquittal pursuant to [California] Penal Code section 1118.  [ ] Petitioner argues that he received ineffective assistance of counsel when his attorney filed a motion to strike a prior conviction that had never been alleged in the information. Eleventh, Petitioner contends that he received ineffective assistance of counsel when his attorney filed a motion to strike Penal Code section 667 subdivision (a)(1) prior serious felony enhancement allegations.  Twelfth, Petitioner maintains that he received ineffective assistance of counsel when his attorney did not make an opening statement at trial.  Thirteenth, Petitioner maintains that the cumulative effect of all the issues that he raises in his present petition for writ of habeas corpus demonstrates that he is entitled to relief.

In order to demonstrate ineffective assistance of counsel, a Petitioner must first

show that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. (*Strickland v. Washington* (1984) 466 U.S. 668, 690-92.) In addition to showing that counsel's performance was deficient, a petitioner must also demonstrate prejudice in order to obtain relief. (*Strickland v. Washington, supra*, 466 U.S. 668, 690-92; *People v. Ledesma* (1987) 43 Cal.3d 171, 217.) To demonstrate prejudice, the petitioner must demonstrate that there is a reasonable probability that but for counsel's failings, the result of the proceeding would have been more favorable to the petitioner. (*In re Alvernaz* (1992) 2 Cal.4th 924, 936-937.)

> Generally [ . . . ] prejudice must be affirmatively proved. [ ] "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding . . . The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

(*People v. Ledesma, supra*, 43 Cal.3d 171, 217-218.)

In reviewing a claim of ineffective assistance of counsel, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington*, supra, 466 U.S. 668, 697.)

In the present case, the Court finds that he has failed to present any facts or evidence that would demonstrate a reasonable probability that the result of his criminal proceeding would have been more favorable were it not for his attorney's actions or inactions. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) As Petitioner has failed to demonstrate that he was prejudiced by his attorney's deficient performance, the Court finds that he has failed to state a prima facie case for relief . . . . (*In re Cox* (2003) 30 Cal.4th 974, 1019-20.)

Doc 18 at 2-7

### b. <u>Prior Domestic Violence Allegations</u>

Petitioner contends trial counsel failed to effectively argue domestic violence incidents and threats towards Rios were inadmissible. (Doc. 1 at 34.) Petitioner points to a colloquy during a pretrial hearing on the prior domestic violence incidents to show counsel was unprepared to represent him. At the hearing, the trial court asked the prosecutor if the prosecutor was going to introduce evidence of prior domestic violence incidents at trial:

22

| | | |
|---|---|---|
| Prosecutor: | | It's kind of a two-prong tact here. One is we weren't because [Rios] wasn't coming. Now, if she came, we already handed over discovery on a previous domestic violence incident well in advance where there was alleged kicking by [Petitioner] to this particular victim. Again, it's kind of hard to say. I'm going to leave it as is right now. |

If she does come in, then that may come up, because that's, you know – it is what it is. I can't – so it's been already discovered. It's been out there. It is the same victim, the same defendant. If she does not show, then we will not.

| | | |
|---|---|---|
| The Court: | | And, [defense attorney]. How do you view that[?] |
| Defense Counsel: | | I understand his response, and they did turn it over. I want to make sure I'm not quoting – I think there's – there's argument I'd like to make, and I want to say 1108; but I'm not sure if it's 1108 or 1101.[5] But, you know, I would like to address it if the issue arises. |
| The Court: | | Well, assuming the discovery's been provided, it seems as though the argument could be made at this time if she appeared. |
| Defense Counsel: | | And I understand that, Your Honor. Honestly, I apologize. *I'm not ready to make that argument. That's my fault.* |
| The Court: | | Why don't we do this, Counsel: Why don't you review the discovery this evening and perhaps tomorrow sometime, assuming she appears, the argument can be made. |

(Lodged Doc. 6 at 163-64 (emphasis added)).

Petitioner maintains "[t]his colloquy demonstrates one of the early and many instances documenting [trial counsel]'s incompetence." (Doc. 1 at 35.)

---

[5] California Evidence Code § 1101(a) states, "[e]xcept as provided in this section and in Sections 1102, 1103, 1108, and 1109, evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion."

California Evidence Code § 1108(a) states, "[i]n a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."

23

Even if trial counsel was deficient at the pretrial hearing, Petitioner cannot show prejudice. The trial court told counsel he could address the issue of past domestic violence incidents, if the prosecutor tried to introduce the evidence at trial; however, the evidence was never admitted at trial. Because the evidence was not introduced, Petitioner was not prejudiced by trial counsel's performance at the pretrial hearing.

### c.  Premature Request for Acquittal

In a motion in limine, trial counsel filed a "Motion to Dismiss Ma[t]ter Because The People Do Not Have Sufficient Corpus To Proce[ed]." (Lodged Doc. 1 at 93.) In the motion, trial counsel argued the case should be dismissed because it did not appear Rios was going to testify at trial.

During the preliminary hearing, the trial court stated:

| The Court: | And isn't that motion somewhat premature . . .? |
|---|---|
| Defense Counsel: | It is, Your Honor. |
| The Court: | Appears to be in the nature of an 1118,[6] at best. |
| Defense Counsel: | Well, I guess it is, now that I'm looking at it from a different seat. It is premature. I would agree with that. |
| The Court: | All right. Well, in any event, that motion with be denied without prejudice. |

---

[6] Pursuant to California Penal Code § 1118

In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses. If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved the right.

Petitioner was tried before a jury; therefore, it appears the trial court was referring to California Penal Code § 1118.1:

In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal. If such a motion for judgment of acquittal at the close of evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right.

(Lodged Doc. 6 at 164-65.)

It is clear from the record that trial counsel moved for a judgment of acquittal at the wrong time; however, Petitioner does not explain how this decision prejudiced him. The trial court denied the motion without prejudice; therefore, counsel had the opportunity to make the motion again at the close of evidence.

### d. <u>Motion to Strike Prior Conviction</u>

Petitioner also claims counsel was ineffective when counsel filed a motion to strike a prior conviction that was not charged and strike an enhancement that could not be stricken. (Doc. 1 at 36-37.)

In his *Romero* motion, trial counsel asked the Court to strike a conviction pursuant to California Penal Code §422,[7] making criminal threats. (Lodged Doc. 2 at 350.) At the hearing on the *Romero* motion, the trial court asked trial counsel about the motion:

> The Court: So, as to the motion, [defense counsel], I'm prepared to hear your argument, if you wish to add to that. I do have a question or two to ask you before you present your argument, and that is this, that on the first page . . . there's reference to Penal Code Section 422 arising from the September 9th, 1998 matter. So, to query that, what is your point regarding the Penal Code Section 422 reference?
>
> Defense Counsel: I was just wanted to strike, Your Honor.
>
> . . .

---

[7] Pursuant to California Penal Code § 422(a),

Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as a threat, even if there is not intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that persons reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison.

| The Court: | Where in pages 3 and 4 of the Information does it reference Penal Code Section 422 in those allegations? |
|---|---|

. . .

| Defense Counsel: | Your Honor, I think that was an error. From me looking, it was a misdemeanor. |
|---|---|

(Lodged Doc. 9 at 1352-53.)

The Court continued its questioning, "Again, another question to you in terms of your motion, just so I'm clear, does the motion go to the 667(a)[8] priors as well as the strikes?" *Id.* at 1353. Trial counsel responded to the Court's question in the affirmative. *Id.* In its ruling on the *Romero* motion, the trial court stated, "[c]ontrary to the position of the Defendant . . . the People are correct that this <u>Romero</u> motion cannot reach the priors alleged pursuant to 667, subdivision (a). That is, the <u>Romero</u> motion goes only to the strikes alleged and the strikes only." (Lodged Doc. 10 at 1412.)

Petitioner alleges these two instances show "a long line of instances in which [trial counsel]'s incompetence was demonstrated on the record. Deficiency is therefore demonstrated. Prejudice to Petitioner is also established as presented . . . ." (Doc. 1 at 37.)

Trial counsel's arguments were legally incorrect; however, Petitioner has not shown these legally incorrect arguments prejudiced him. Although the trial court denied the *Romero* motion on these counts, Petitioner has not shown that but for these errors, the result would have been different. Consequently, Petitioner fails to show his constitutional rights were violated by trial counsel's performance.

---

[8] California Penal Code § 667(a)(1) states,

> . . . any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

For the foregoing reasons, the Court recommends denying Petitioner's ineffective assistance of trial counsel claims.

## IV. The State Court Did Not Err in Rejecting Petitioner's Prosecutorial Misconduct Claim

In his second ground for habeas relief, Petitioner alleges prosecutorial misconduct based on two statements the prosecutor made to the jury: (1) that lesser offenses subsumed greater offenses; and (2) the jury could not find Petitioner guilty of a lesser offense because the victim had been hurt. (Doc. 1 at 37-38.) Respondent counters the claim is procedurally barred because Petitioner did not raise this claim on direct appeal. (Doc. 14 at 19.)

### A. Standard of Review

A prosecutor's improper comments will be held to violate Constitutional rights only if the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Parker v. Matthews*, 567 U.S. 37, 45 (2012) (per curiam) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Prosecutorial misconduct violates the Due Process guarantee of a fair trial if it prejudicially affects the rights of the defendant. *United States v. Yarbrough*, 852 F.2d 1522, 1539 (9th Cir. 1988) (citing *Smith v. Phillips*, 455 U.S. 209, 219 (1982)).

The Court must determine whether the alleged misconduct by the prosecutor rendered the trial fundamentally unfair. *Darden*, 477 U.S. at 183. To grant habeas relief, the Court must find that the state court's rejection of the prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker*, 567 U.S. at 47 (quoting *Harrington*, 562 U.S. at 103).

### B. State Court of Appeal Opinion

In rejecting Petitioner's prosecutorial misconduct claim, the Fresno County Superior Court stated:

First, Petitioner argues that the prosecution incorrectly informed the jury that it could ignore the lesser included offenses that were charged because the lesser

27

included offenses "encompass[ed] the greater offenses."  Second, Petitioner contends that the prosecution incorrectly informed the jury that it could not find the Petitioner guilty of battery because he victim had been hurt.

However, "[t]he general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction. (*In re Dixon* (1953) 41 Cal.2d 756, 759; see *In re Harris* (1993) 5 Cal.4th 813, 829.) As Petitioner's first two contentions could have been raised on appeal, the Court finds that Petitioner has failed to state a prima facie case for relief.

(Lodged Doc. 18 at 1-2.)

## C. Denial of Petitioner's Prosecutorial Misconduct Claim Was Not Objectively Unreasonable

The Court's citation to *Dixon* means that Petitioner's claim was denied on habeas review, because it could have been, but was not, raised on direct appeal.  In California, courts may not consider claims on habeas review that should have first been raised on direct appeal.  *Dixon*, 41 Cal. 2d at 760 ("It is, of course, an established rule that habeas corpus may not be used instead of an appeal to review determinations of fact made upon conflicting evidence after a fair trial."). Pursuant to California law, Petitioner procedurally defaulted on this claim.

A federal court cannot review claims in a petition for writ of habeas corpus if a state court denied relief on the claims based on state law procedural grounds that are independent of federal law and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "A district court properly refuses to reach the merits of a habeas petition if the petitioner has defaulted on the particular state's procedural requirements."  *Park v. California*, 202 F.3d 1146, 1150 (2000).

A petitioner procedurally defaults his claim if he fails to comply with a state procedural rule or fails to raise his claim at the state level.  *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (citing *O'Sullivan v. Boerckel*, 562 U.S. 838, 844-45 (1999)).  The procedural default doctrine applies when a state court determination of default is based in state law that is both adequate to support he judgment and independent of federal law.  *Ylst v. Nunnemaker*, 501 U.S.

28

797, 801 (1991). An adequate rule is one that is "firmly established and regularly followed." *Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)); *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003). An independent rule is one that is not "interwoven with federal law." *Park*, 202 F.3d 1146 at 1152 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)).

When a state prisoner has defaulted on his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

California's procedural default rule is independent of federal law. *See Tran v. Sherman*, No. 1:15-cv-00716-LJO, 2015 WL 510879 at *1 (E.D. Cal. Aug. 31, 2015); *Sanchez v. Ryan*, 392 F. Supp. 2d 1136, 1138-39 (C.D. Cal. 2005); *Protsman v. Pliler*, 318 F. Supp. 2d 1004, 1007-08 (S.D. Ca. 2004). Consequently, because the Superior Court's denial was based on an independent state procedural rule, denial of the petition was on independent state law grounds.

A state law ground is "adequate" if it is "'firmly established and regularly followed' at the time it was applied by the state court." *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999) (quoting *Ford v. Georgia*, 498 U.S. 411, 424 (1991)). California's procedural default rule is established and followed in California state courts; therefore, the procedural ground was adequately applied and bars federal review by this Court. *See Sanchez*, 392 F. Supp. 2d at 1138-39; *Protsman*, 318 F. Supp. 2d at 1008. Based on the foregoing, California's procedural default rule is adequate and independent. Petitioner does not allege prejudice based on the Superior Court's opinion that his claim was procedurally defaulted; consequently, the Court recommends denying the claim.

## V.    Cumulative Error

In his third ground for habeas relief, Petitioner alleges he is entitled to habeas relief based on the cumulative effect of errors at his trial. (Doc. 1 at 38.)  Respondent counters that Petitioner fails to show the California Supreme Court's rejection of this claim was unreasonable.  (Doc. 14 at 20.)

The California Supreme Court summarily rejected this claim; consequently, there is no reasoned state court opinion.  Because Petitioner raised this claim for the first time in his state habeas petition, which was denied without a written opinion, there is no reasoned state court opinion for the Court to review.  This Court must "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable."  *Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011) (internal citations omitted).

Petitioner must show that "there was no reasonable basis" for the California Supreme Court's ruling.  *Id*. (quoting *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011) (internal quotation marks omitted)).  "A habeas court must determine what arguments or theories could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court."  *Id*. (internal quotation marks omitted).

Under the cumulative error doctrine, the combined effect of multiple errors at trial can give rise to a due process violation, if the errors rendered the trial fundamentally unfair, even if each error considered individually would not warrant relief.  *See Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007).  "[T]he fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense far less persuasive" and thus "had a substantial and injurious effect or influence on the jury's verdict."  *Id*. (internal citation and quotation marks omitted).  The Ninth Circuit has "granted habeas

relief under the cumulative effects doctrine when there is a 'unique symmetry' of otherwise harmless errors, such that they amplify each other in relation to a key contested issue in the case." *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011) (citing *Parle*, 505 F.3d at 927).

The Court has addressed each of the errors raised by Petitioner in his petition for writ of habeas corpus and has found no error. Therefore, "[b]ecause we conclude that no error of constitutional magnitude occurred, no cumulative prejudice is possible." *Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011). Accordingly, the Court recommends denying Petitioner's claim of cumulative error.

## VI.    Petitioner's Motion for Summary Judgment

On March 22, 2018, Petitioner filed a motion for summary judgment. (Doc. 16.) Petitioner requests the Court find Respondent procedurally defaulted by not filing the response to the petition on time. On December 24, 2017, the Court granted Respondent an extension of time in which to file an answer to the petition and set the due date of February 28, 2018. (Doc. 12). The docket shows Respondent filed the answer to the petition on February 28, 2018. (Doc. 14.) Respondent's answer to the petition was not late; therefore, the Court recommends denying Petitioner's motion for summary judgment.

## VII.    Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for

commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B)  the final order in a proceeding under section 2255.

(2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court recommends declining to issue a certificate of appealability.

## VIII.    Recommendations and Conclusion

Based on the foregoing, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability. Further, the undersigned recommends dismissing Petitioner's motion for summary judgment as moot.

1

2          These Findings and Recommendations will be submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of 28 U.S.C ⬚ 636(b)(1).  Within **thirty (30) days**

4   after being served with these Findings and Recommendations, either party may file written

5   objections with the Court.  The document should be captioned ⬚Objections to Magistrate Judge's

6
    Findings and Recommendations.  Replies to the objections, if any, shall be served and filed within

7
    **fourteen (14) days** after service of the objections.  The parties are advised that failure to file

8
    objections within the specified time may constitute waiver of the right to appeal the District Court's

9
    order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923
10
    F.2d 1391, 1394 (9th Cir. 1991)).
11

12

13
    IT IS SO ORDERED.
14

15  Dated:   __**November 26, 2018**__            _____/s/ *Sheila K. Oberto*_____
16                                                 UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28