UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MALTOS MENDIETTA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>　　　　　Respondent. | No. 1:17-cv-01316-AWI-SKO (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND FINDINGS AND JUDGMENT<br><br>[Docket No. 26] |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 27, 2018, the Magistrate Judge entered Findings and Recommendations to deny the petition on the merits. (Doc. No. 19.) On March 12, 2019, the Court adopted those Findings and Recommendations, entered judgment against Petitioner, and ordered the case closed. (Doc. No. 24.) On March 28, 2019, Petitioner filed the instant motion to alter or amend the findings and judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 26.)

**DISCUSSION**

Federal Rule of Civil Procedure 59(e) provides a mechanism for a court to reconsider and alter or amend a prior order. See Fed. R. Civ. Pro. 59(e); Kona Enters. v. Estate of Bishop, 229 F.3d 877, 883 n.6, 890 (9th Cir. 2000). "While Rule 59(e) permits a district court to reconsider

1

and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014); Kona Enters., 229 F.3d at 890. Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Wood, 759 F.3d at 1121; Kona Enters., 229 F.3d at 890. This standard is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Rule 59(e) motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., 229 F.3d at 890.

Petitioner argues that the judgment is based on manifest errors of law and fact. The Court disagrees. Petitioner fails to show any clear error requiring reconsideration in order to avoid manifest injustice.

Petitioner first notes that the superior court stated he had failed to include trial transcripts with his petition to support his claim. He argues that he did submit relevant trial transcripts with his petition; therefore, the state court's reasoned decision is factually incorrect. In support, he points to the fact that the Findings and Recommendations cited the trial transcripts. There is no merit to this argument. Respondent supplied the Reporter's Transcripts on Appeal with the answer, and these were the records reviewed and relied on by this Court. (Doc. No. 15.) In addition, whether Petitioner did attach the relevant transcripts has nothing to do with the basis for the state court's rejection of the claim on the merits, which was that Petitioner failed to show any prejudice.

Petitioner also argues that the Court failed to apprehend California law as it relates to defense counsel's failure to object. The Findings and Recommendations noted that the state court determined that Petitioner had forfeited his claim by failing to object to the prosecutor's erroneous statement of the law. Petitioner claims the Court erred because there are exceptions when a state appellate court may exercise its discretion to review a claim despite the forfeiture, and therefore, defense counsel's failure to object did not necessarily preclude appellate review of the issue. The claim fails in any event, because the state court determined that Petitioner failed to

1 show prejudice regardless of appellate counsel's alleged failures, and Petitioner failed to

2 demonstrate that this determination was unreasonable.

Petitioner next argues that the Findings and Recommendations incorrectly determined that the prosecutor did not tell the jury that they could not find Petitioner guilty of simple battery because the victim had been hurt. The Findings and Recommendations is supported by the record and proper analysis. The prosecutor stated:

> 243(e)(1) [Simple Battery Against Child's Parent] you see there, if someone did not get hurt at all, *then you can find that*. But in this case, we know by the pictures, the medical evidence, and even by the Defendant's statement, that she was hurt. And she was hurt substantially, brutally, and with great bodily injury.

(LD 7 at 692) (emphasis added). There is no question that the prosecutor was stating that the injuries caused by Petitioner constituted a graver offense than simple battery, and not as Petitioner suggests that the simple battery could not be found because the victim was hurt.

Finally, Petitioner takes issue with the Findings and Recommendations for presuming that the jurors in this case followed the jury instructions. Petitioner argues that the misstatements by the prosecutor created such legal contradictions that this presumption was overcome. The argument is meritless. The comment by the prosecutor that "lesser offenses encompass the greater" was an innocuous slip of the tongue. Reading the comment in context, it is clear the prosecutor was attempting to state that lesser offenses are included in the greater offense. (LD 7 at 692: "A lesser is a charge that automatically goes with the principle" . . . "automatically by law those charges come in.") Any confusion created by the prosecutor's statement would have been clarified by the jury instructions. Upon consideration of the instructions given to the jury as a whole, the prosecutor's minor unclear misstatement was harmless. See Hedgpeth v. Pulido, 555 U.S. 57, 61 (2008).

Moreover, Petitioner fails to demonstrate that the state court determination that Petitioner failed to show prejudice resulting from appellate counsel's alleged errors was unreasonable. As noted by the Fresno County Superior Court and the Fifth DCA, the evidence of Petitioner's guilt was overwhelming:

> Mendietta […] waived his rights and said he had caused Rios' injuries. Mendietta

> told Craft that he grabbed Rios to question her about another man when she was in a fetal position between the refrigerator and the wall. When he saw blood all over his own hands, he told Rios to get up and clean herself up. When he went to answer a knock at the door, Rios ran passed him and began yelling for someone to call the police. Mendietta grabbed his shoes and fled the scene.
>
> When Craft asked how Rios was injured, Mendietta maintained that he had not hit her on the head, only on the arm with the broom handle. According to Mendietta, she then fell between the wall and the refrigerator, although Mendietta said he may have thrown her down. Mendietta admitted swinging a cooking pot, claiming it hit Rios in the arm and hit the wall and refrigerator, but not Rios's head. Mendietta then began to cry and said he had been upset because a man had come to the door asking for Rios.
>
> When Craft asked if Mendietta could have hit Rios on the top of the head as he was hitting her arm, Mendietta said that, if he did, he did not mean to hurt her. Mendietta said he "just went off" and "was enraged." Mendietta fled because he did not want to be caught by the police when he was "all bloody."

People v. Mendietta, 2015 WL 5064092, *2 (Cal.Ct.App.2015).

In sum, Petitioner has not shown any manifest error meriting reconsideration of the judgment.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for rehearing, new trial, and to vacate and alter judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

Dated: August 23, 2019

_____
SENIOR DISTRICT JUDGE

4